Bernard Ryan, P. J.
In this matter the Attorney-General not only did not oppose the granting of an order permitting the late filing of a claim pursuant to subdivision 5 of section 10 of the Court of Claims Act, but suggested it as a solution of the problem of these claimants. Accordingly the order was granted *980 and the claim filed, and the matter came on for proofs. It appears that there is an admitted balance due claimants for work performed under a contract entered into between claimant McLain Construction Corporation and the State of New York, acting through its Department of Public Works, in the amount of $57,297.64. A further claim in the amount of $37,817.18 for additional costs of performance due to delays and extra work resulting from failure by the State of New York to provide the site was presented to the State Department of Public Works. Following negotiations this disputed claim has been compromised for the sum of $12,411.73.
It is the claimants’ position that until it received the final estimate, which was dated January 11, 1960 and received by claimants shortly thereafter, it did not know that any part of the sum which it claimed as extra costs incurred would not be paid by the State of New York.
A stipulation by the Attorney-General that $12,411.73 is the fair value of the claim; that with respect to this cause of action the claim was filed as soon as possible after the agreement to compromise was reached; and that the State of New York was unable to advance the agreed amount because of the refusal of the Comptroller to give his approval, appears to satisfy the doubts raised in the court’s mind as to the date of the accrual of the claim and the timeliness of applying to the court for permission to file.
Accordingly the proposed findings, to which the Attorney-General has given assent, are signed. Judgment may be entered thereupon.